UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

OKEKE, et al.,

               Plaintiffs,                         **REPORT AND**
                                                     **RECOMMENDATION**

     -against-                                   08-CV-2343 (ARR) (ALC)

**AVIATOR SPORTS AND RECREATION, INC.,**

               Defendant.

-----------------------------------------------------------------X

**ANDREW L. CARTER, JR., UNITED STATES MAGISTRATE JUDGE:**

    **I.**    **Background**

Plaintiffs Patrick and Kingsley Okeke bring this action pursuant to 42 U.S.C. § 1981 *et seq.*, alleging in part, that Defendant Aviator Sports and Recreation, Inc. ("Aviator") expelled three-year old Kingsley Okeke from a gymnastics program because of his race. Plaintiffs also allege that Defendant breached the contract between Patrick Okeke and Defendant in violation of 42 U.S.C. § 1981. I respectfully refer the parties to the recitation of facts described in Judge Ross's order denying, in part, Defendant's motion to dismiss Plaintiffs' amended complaint. (Docket No. 21.)

Following Judge Ross's opinion and order, Aviator terminated its attorney in July 2009 and refused to retain another attorney. On November 24, 2009, Plaintiffs filed a motion for a default judgment. (Docket No. 31.) The clerk noted the default and the matter was referred to me for a report and recommendation as to an entry of default and an award of damages and costs. (Docket Nos. 32, 33.) I directed Plaintiffs to supplement their submission with sufficient documentation and case law supporting their request for attorney's fees, costs and damages. (Docket No. 34.) I also afforded Defendant an opportunity to submit a response. (*Id.*) To date, Defendant has not retained an attorney, has not opposed the default motion, and has not offered a

1

response to Plaintiffs' submission. Plaintiffs request compensatory damages in the amount equal or higher than $150,000, attorney's fees and costs in the amount of $21,425, plus punitive damages. For the reasons set forth below, I recommend that the Court grant Plaintiffs' default judgment and award them $25,675 in damages, inclusive of attorney's fees and costs.

## II. Discussion

Pursuant to the Federal Rules of Civil Procedure, the court shall enter a default judgment against a party that has failed to plead or otherwise defend an action brought against it. *See* Fed. R. Civ. P. 55(b)(2). It is well-settled that a corporation cannot appear in federal court without legal representation. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 121 L.Ed.2d 656 (1993); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983). A corporation's failure to retain counsel within a specified period may result in a default judgment against the corporation. *See Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991); *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 336 (2d Cir. 1986); *Babaev v. Grossman*, No. 03-CV-5076, 2009 WL 81354 (E.D.N.Y. Jan. 9, 2009). In the instant matter, Defendant failed to defend this action after it terminated its attorney. I advised Defendant of the consequences if it failed to obtain new counsel, and I gave Defendant sufficient opportunity to find another attorney. (Docket Nos. 27-29.) Accordingly, I respectfully recommend that the Court grant Plaintiff's motion for default.

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). "[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since

a party in default does not admit conclusions of law." *Leider v. Ralfe*, No. 01-CV-3137, 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004) (quoting *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)). The court must conduct an inquiry sufficient to establish damages to a "reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). In conducting an inquiry, the court need not hold a hearing "as long as it [has] ensured that there [is] a basis for the damages specified in the default judgment." *Id.* The court may rely on affidavits or documentary evidence in evaluating the fairness of the damages requested. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993); *Chun Jie Yin v. Kim*, No. 07-CV-1236, 2008 WL 906736, at *2 (E.D.N.Y. Apr. 1, 2008) (collecting cases).

### A. Compensatory Damages

In a racial discrimination action brought under federal law, the court may award a prevailing party compensatory damages for injuries such as emotional or mental distress. *See* 42 U.S.C. § 1981a(a)(1). Here, Plaintiffs have not submitted any proof showing that they suffered from actual mental or emotional injuries resulting from Defendant's actions. All that is alleged is that Plaintiffs suffered from "great emotional and mental distress," but they have failed to submit any proof evidencing the harm. Am. Compl. ¶ 17. Plaintiffs' default motion simply lists a dollar amount that they believe they should receive, but the motion fails to explain why Plaintiffs would be entitled to those damages. All the cases Plaintiffs cite in support of the requested amount are inapposite. Based on the limited evidence of distress offered by Plaintiffs and the fact that it is Plaintiffs' burden to prove damages, I respectfully recommend that the Court award Plaintiffs $5,000 in compensatory damages.

### B. Punitive Damages

Punitive damages are appropriate where the defendant "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). "An award of punitive damages is 'a discretionary moral judgment' that the defendant has engaged in conduct that is so reprehensible that it warrants punishment." *Tolbert v. Queens College*, 242 F.3d 58, 77 (2d Cir. 2001) (quoting *Smith v. Wade*, 461 U.S. 30, 52, 103 S. Ct. 1625, 1638 (1983)). Here, Plaintiffs have not made the requisite showing to justify punitive damages. Accordingly, I respectfully recommend that the Court deny Plaintiffs' request for punitive damages.

### C. Attorney's Fees

A plaintiff prevailing in a Section 1981 suit is entitled to recover its attorney's reasonable fees and costs. 42 U.S.C. § 1988(b). Attorney's fees are determined using the lodestar method, which entails multiplying the number of hours reasonably spent by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983). In the Second Circuit, a party seeking an award of attorney's fees must support that request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983); *see also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998). Fee applications that do not contain such supporting data "should normally be disallowed." *Carey*, 711 F.2d at 1154. The court has a great deal of discretion in awarding attorney's fees and can deduct hours from the lodestar calculation if it finds that the hours charged are superfluous or unreasonable. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997). In the instant matter, Plaintiffs request $21,425 in attorney's fees and costs. In

support of their application, they supplied contemporaneous time records reflecting the date the attorney rendered the services, the hours expended, and the nature of the work performed. I find that most of these fees and costs are reasonable, but some of the entries appear mistaken or irrelevant.[1] Accordingly, I recommend that the Court award Plaintiffs $20,675 in attorney's fees and costs.

### III. Conclusion

For the reasons set forth above, I respectfully recommend that the Court grant Plaintiffs' default judgment against Defendant Aviator Sports and award Plaintiffs $25,675 in damages, fees, and costs.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Fed. R. Civ. P., the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation on ECF. Extensions of time to file objections should be directed to Judge Ross. Failure to file timely objections will preclude appellate review of any order of judgment that will be entered. Counsel for Plaintiffs shall serve a copy of this Report and Recommendation on Defendant by regular mail within three days of receipt, and should file proof of such service on ECF.

**SO ORDERED**

**Dated: August 31, 2010**
      **Brooklyn, New York**

/s/ ALC
_____
**HONORABLE ANDREW L. CARTER, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] I recommend striking part of the entries for 7/18/08, 5/11/09, 7/24/09, and 9/9/09, notably the entries charging travel time.